OPINION
Plaintiff-appellant Lance Alspaugh appeals the February 24, 1999 Judgment Entry of the Fairfield County Court of Common Pleas which granted defendant-appellee Century 21 Real Estate Corporation's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE
Ray Cramblit, a real estate agent, owned and operated Century 21 Happy Homes, a franchise of appellee Century 21 Real Estate Corporation. In the late fall of 1996, Mr. Cramblit contacted appellant to ask if appellant would be interested in buying an investment property located at 845 North Broad Street in Lancaster, Ohio (hereinafter "the property"). Mr. Cramblit informed appellant the Lancaster office of Century 21 was listing the property at a purchase price around $85,000. At the time appellant was considering whether to purchase the property, appellant believed Mr. Cramblit was an agent and authorized representative of appellee. On December 14, 1996, appellant met with Mr. Cramblit and decided to purchase the property for $84,000. Appellant and Mr. Cramblit signed a document titled "Partnership Agreement" that same day. The only identified parties to the Partnership Agreement were appellant and Mr. Cramblit. The stated purpose of the Partnership Agreement was to acquire the property at a purchase price of $84,000 and to resell it at a profit. Under the terms of the Partnership Agreement, appellant was to pay the full purchase price and Mr. Cramblit was to market and manage the property until resold. Any interim monthly profits were to be divided equally between the parties. Century 21's minimum fees were to be deducted out of the proceeds upon resale and after deducting all expenses of selling the property, the net profit was to be divided equally between the parties. As stated above, the parties signed the Partnership Agreement on December 14, 1996. Mr. Cramblit's signature line does not indicate he signed in anything other than his individual capacity. Although the Partnership Agreement references "Century 21", "Century 21 Happy Homes", and "C-21", nowhere in the document is reference made to "Century 21 Real Estate Corporation." Despite the lack of any reference to appellee, appellant believed Mr. Cramblit was representing appellee throughout the transaction in purchasing and marketing the property. At the time appellant signed the Partnership Agreement, Mr. Cramblit provided appellant with a copy of a Real Estate Purchase Contract, dated December 9, 1996, and reflecting a contract for the sale of the property for $84,000. That contract listed Gary Kuttig as the seller and Mr. Cramblit as the buyer "who is a licensed broker in Ohio representing himself." Mr. Cramblit also provided appellant with a second Real Estate Purchase Contract, dated December 13, 1996, and reflecting a contract for sale of the property for $104,000. That contract listed Mr. Cramblit as seller "who is a licenced real estate broker in Ohio representing himself" and Brian Barthus as buyer. Both Real Estate Purchase Contract(s) reflect "Century 21 Happy Homes" at the top thereof. Appellant paid Century 21 Happy Homes $84,000 on December 14, 1996, to purchase the property. In April of 1997, Mr. Cramblit was arrested on numerous theft related charges. It was then appellant first learned Mr. Cramblit did not use his $84,000 to purchase the property. Appellee initiated procedures to terminate Mr. Cramblit's franchise on or about April 9, 1997. Mr. Cramblit was sentenced to prison on December 12, 1997, and ordered to pay over $282,000 in restitution to his victims, including appellant. On April 11, 1997, appellant filed a complaint against Ray Cramblit, Cramblit's independently owned business Century 21 Happy Homes, and appellee. Therein, appellant asserted four causes of actions: 1) appellee was responsible for appellant's investment loses because Mr. Cramblit was its actual agent; 2) appellee was reasonable for appellant's investment losses because Mr. Cramblit had apparent authority to act as its agent; 3) appellee breached its fiduciary duty to appellant; and 4) appellee negligently supervised Mr. Cramblit. Appellant was granted default judgments against Mr. Cramblit and his business, Century 21 Happy Homes. On June 6, 1998, appellee filed a motion for summary judgment. On February 9, 1997, the trial court issued a Memorandum of Decision, reflecting its intention to grant appellee's motion for summary judgment. The trial court ordered appellee's counsel to prepare a final judgment entry. The trial court filed its Judgment Entry entering judgment for appellee on February 24, 1997. It is from that Judgment Entry appellant prosecutes this appeal, assigning as error:
 I. THE TRIAL COURT ERRED WHEN IT DECIDED AS A MATTER OF LAW THAT RAY CRAMBLIT WAS NOT ACTING AS A REAL ESTATE AGENT WHEN LANCE ALSPAUGH HIRED RAY CRAMBLIT TO REPRESENT THE PLAINTIFF IN THE PURCHASE OF REAL PROPERTY.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT CENTURY 21 REGARDING THE AGENCY RELATIONSHIP BETWEEN MR. CRAMBLIT AND DEFENDANT CENTURY 21 AS ISSUES OF MATERIAL FACT WERE IN DISPUTE WHICH COULD ONLY BE RESOLVED BY THE TRIER OF FACT.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT ON THE ISSUE OF DEFENDANT'S NEGLIGENT SUPERVISION BASED ON THE COURT'S OWN ERRANT FINDING OF FACT THAT RAY CRAMBLIT WAS NOT AN AGENT.
 IV. THE TRIAL COURT ERRED IN GRANTING COMPLETE SUMMARY JUDGMENT TO DEFENDANT BASED ON THE COURT [SIC] ERRANT FINDING OF FACT AND CONCLUSION OF LAW THAT NO AGENCY RELATIONSHIP EXISTED AND THUS DEFENDANT WAS OWED NO DUTY TO PLAINTIFF ALTHOUGH ISSUES OF MATERIAL FACT WERE IN DISPUTE WHICH COULD ONLY BE RESOLVED BY THE TRIER OF FACT.
 I
Herein, appellant asserts the trial court erred as a matter of law in finding Mr. Cramblit was not acting as a real estate agent for him in the purchase of the property. We disagree. We begin by noting our standard of review. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. In reaching its decision, the trial court relied upon this Court's opinion in Palmer v. Rotaru (Dec. 28, 1998), Fairfield App. No. 98CA40, unreported. In Palmer, we found, under circumstances very similar to those presented in the case sub judice, the same defendant as herein, Mr. Cramblit, was not acting as a real estate agent for purposes of recovery under the Real Estate Recovery Fund established pursuant to R.C. 4735.12. Although we agree with appellant his claim is not one for recovery under R.C. 4735, we nevertheless believe the underlying rationale for our decision in Palmer applies herein. All of the documentary evidence presented herein demonstrates appellant and Mr. Cramblit were nothing more than partners in an investment property. The Partnership Agreement and the two Real Estate Purchase Contract(s) demonstrate Mr. Cramblit was acting in his individual capacity as a partner with appellant, not appellant's agent. Despite appellant's assertion Mr. Cramblit was representing him as his agent in a real estate purchase, the documents belie this claim. As we stated in Palmer, Mr. Cramblit did not need a real estate license to enter into the Partnership Agreement or, as applicable to this case, the Real Estate Purchase Contract(s). We do not find Mr. Cramblit was acting as appellant's real estate agent, but rather was acting on his own behalf as a co-investor with appellant. Accordingly, we overrule appellant's first assignment of error.
 II, III IV
Having determined the trial court correctly found Mr. Cramblit was not acting as a real estate agent for appellant relative to the proposed purchase of the property, it is unnecessary to discuss the merits of appellant's arguments as presented in his second, third and fourth assignments of error. Accordingly, those assignments of error are overruled as being moot.
The judgment of the Fairfield County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur